**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD AUSTIN WHITE, | ) | CASE NO. 1:19 CV 684 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RAY LENGEL, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Richard Austin White filed this action against Lorain Correctional Institution ("LORCI") Advanced Licensed Practitioner Ray Lengel. In the Complaint, Plaintiff alleges his current pain medication is causing hair loss as a side effect and Defendant refuses to switch the medication to Ultram. He asserts the Defendant is deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He seeks monetary damages and an order requiring the Defendant to prescribe Ultram.

**I.    Background**

Plaintiff, a prisoner at LORCI, contends the Defendant provides him with chronic care for Hepatitis C and knee pain. He claims that during his appointment on January 10, 2019, he informed the Defendant that his current pain levels were beyond the relief his current medication, Tegritol, could provide. Furthermore, Tegritol was causing hair loss as a side effect. Plaintiff requested that he be placed on Ultram, a medication he had found to be effective in the

past. He states the Defendant denied his request, explaining that Ultram is no longer provided by the Ohio Department of Corrections.[1] Plaintiff asked for steroid shots to address the hair loss but Defendant denied them stating the hair loss was cosmetic. He asked for another MRI and Defendant denied this request. Plaintiff contends the only options Defendant gave him were to stay on Tegritol and suffer hair loss, or to discontinue that medication and suffer increased pain levels. He claims the Ultram worked well for him in the past and the Defendant is deliberately indifferent to his serious medical needs by refusing to order it for him to replace his current medication.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the

---

[1] Ultram, generic name Tramadol, is a narcotic class medication, with addiction potential similar to opiods. *See* https://www.webmd.com/drugs/2/drug-11276/ultram-oral/details

pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ... 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see*

*Thaddeus-X v. Blatter,* 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the context of a claim regarding medical treatment, it is clear that the duty to provide a certain level of health care to incarcerated offenders under the Eighth Amendment is a limited one. "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, No. 03–2633, 2004 WL

2203585 (6th Cir. Sept. 15, 2004) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997)). Furthermore, a difference of opinion regarding the medical diagnosis and treatment provided do not rise to the level of an Eighth Amendment violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Where the Plaintiff has received some medical attention, but disputes the adequacy of that treatment, a federal court will not second-guess the medical judgments of prison officials and constitutionalize claims which fall within the parameters of state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5. (6th Cir. 1976). A medical professional providing treatment to an inmate will not be considered to be deliberately indifferent to the inmate's medical needs unless the treatment is "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 844 (6th Cir. 2002).

In this case, Plaintiff wants to take Ultram instead of Tegritol for pain. He claims Tegritol no longer provides enough pain relief and is causing him to experience hair loss as a side effect. Defendant indicated Plaintiff already was taking the strongest pain medication that the ODRC offers. Plaintiff disagreed and suggested Ultram, because it had been an effective pain reliever for him in the past. Defendant informed him the ODRC no longer approves or provides Ultram so it is not available. Plaintiff does not believe this statement and indicates Defendant could get it for him against ODRC policy if he made a good case that Plaintiff required it.

This is a difference of opinion about the course of treatment. Plaintiff does not have an Eighth Amendment right to the pain medication of his choice. *See Thomas v. Coble*, 55 F. App'x 748, 749 (6th Cir. 2003) (holding that plaintiff and defendant clearly disagreed over the

preferred medication (Ultram) to treat Defendant's pain but that "this difference of opinion does not support an Eighth Amendment violation."). While hair loss may be an unpleasant side effect of his current medication, it is not sufficiently serious in itself to trigger Eighth Amendment concerns. Defendant's decision to treat Plaintiff's pain with the strongest available medication despite its side effects does not rise to the level of an Eighth Amendment violation.

**IV.     Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

   S/John R. Adams 6/28/19
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.